Birdie Amsterdam, J.
The third-party defendant moves pursuant to rule 103 of the Buies of Civil Practice for dismissal of the third-party complaint upon the ground it is sham, and for dismissal pursuant to subdivision 3 of rule 107 upon the ground of another action pending and for dismissal pursuant to section *733 193-a of the Civil Practice Act upon the ground there is no liability over, and finally for legal insufficiency.
This litigation and the litigation pending in Queens County arose out of the sale by the third-party defendant Stern to the defendants and third-party plaintiffs of his shares of the capital stock in the third-party plaintiff corporation. At the same time, the third-party plaintiff corporation and the third-party defendant engaged in an employment contract to endure for five years. Sixty notes, which contained an acceleration clause, were given as the consideration for the purchase of the stock and one note was to be paid at the expiration of each month of employment. Plaintiff’s action is upon those notes transferred to plaintiff prior to suit and it is against the defendants as maker and indorser, respectively.
In the third-party complaint, it is alleged that the notes were made and delivered to the third-party defendant and were given for services to be performed by him and to be paid monthly as performance in each succeeding month was completed. Thereafter, the third-party defendant breached the employment agreement and thereby the notes were no longer due and payable to him. Finally, it is alleged that after such breach, the third-party defendant did fraudulently transfer the notes to the plaintiff and that plaintiff took the notes with knowledge of the breach of the employment agreement. The allegation of notice of breach of employment agreement, failure of consideration, and defect in the notes is imported into the third-party complaint from the defense contained in the answer of the defendants to the complaint.
Those allegations form no necessary part of the third-party complaint. While proof of such allegations may defeat plaintiff’s claim and render unnecessary a claim of right to recover over, yet failure of proof of such notice to plaintiff, enabling the plaintiff to recover upon the notes, will leave the third-party defendant ultimately liable in the event the third-party plaintiffs prove the alleged breach of the employment contract and the failure of consideration. In such event, the defendants will be liable to the plaintiff upon the negotiable instruments but not to the third-party defendant and for the damage thus sustained by the defendants and third-party plaintiffs the third-party defendant will be liable.
That cause of action contained in the complaint in the Queens County action and third-party proceeding on which the third-party defendant rests its application pursuant to subdivision 3 of rule 107 is a cause on behalf of the corporate employer against the employee to recover damage for breach of the contract of *734 employment. Firstly, that cause is not on behalf of the individual third-party plaintiff Hodas, indorser of the notes. Secondly, the damage is for the loss sustained by reason of the breach of employment. Here, the damage, as alleged, is sustained by reason of failure of consideration with respect to the notes, as to which the third-party plaintiffs claim the third-party defendant is primarily liable. The loss sustained by the breach of the employment contract is distinct and severable from the loss which may be sustained by any judgment obtained by the plaintiff against the defendants and third-party plaintiffs on the notes. The motion is denied in all respects.